UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4EC HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP,<br><br>    Defendant. | Case No. 14-cv-01944-VC<br><br>**ORDER RE PRELIMINARY APPROVAL HEARING** |

At the preliminary approval hearing, the Court would like the parties to address the following issues, either by bringing amended copies of the relevant documents that reflect the changes the Court suggests, or by being prepared to discuss the issues:

- <u>Objectors</u> – Detailed Notice, pg. 5, section 18; and Proposed Order, pg. 5, ¶ 10 – the Court believes that individuals should be allowed to object at the final approval hearing even if they have not filed a written objection, so long as the objector had good cause for not objecting in writing. The Court suggests the parties insert language similar to the following: "Any class member who does not timely submit a written comment or objection will generally not be permitted to raise such comment or objection or appear at the final approval hearing, unless that objector had a good reason for failing to submit something in writing."

- <u>Class members submitting claims</u> – the settlement documents indicate that the settlement no longer requires class members to submit claim forms, yet this language remains in several places throughout the relevant documents. The parties should eliminate this language (if it is no longer applicable) in the following places as well as in any others where it may appear:

    o Detailed Notice, pg. 1 – "The Settlement will pay money to eligible people

who submit valid claim forms."

- Detailed Notice, pg. 3, section 10 – "You do not need to submit a claim form to receive such a payment."
- Detailed Notice, pg. 4, section 15 – "If you exclude yourself, do not submit a claim form to ask for a payment."
- Stipulation, pg. 12, section III, ¶ 3 – "Based on an evaluation of all of these factors, Class Counsel have concluded in light of the applicable law that the terms of the Settlement, including its partial claims-made feature, are fair adequate and reasonable . . ."

- <u>Amount of attorney fees</u> – the settlement documents indicate that class counsel will be seeking $1.23 million in attorney fees, yet in the following places (and perhaps others) the documents state that class counsel will seek $1.8 million in attorney fees:
  - Notice, "About Your Rights" section – "[T]he court will consider . . . an anticipated request from the lawyers . . . for attorneys' fees, costs and expenses of up to $1,800,000."
  - Detailed Notice, pg. 5, section 17 – "If the Court approves the Settlement, Class Counsel will make one or more motions, or 'Fee Application(s),' to the Court for an award of attorneys' fees up to $1,800,000 of the Settlement Fund . . ."

- <u>Changes to Proposed Order Preliminarily Approving Settlement as Amended</u> – if the parties submit an amended stipulation to reflect the changes the Court has discussed in this order, the date on pg. 1 of the proposed order should be changed accordingly.  Further, the Court proposes deleting the following sentence on pg. 2, ¶ 2: "The Court may adjourn the Final Fairness Hearing without further notice to the Class, and Class Counsel may file a supplemental Fee Application within 60 days after the Cut-Off date."

- Typographical errors:
  - Detailed Notice, pg. 3, section 9 – the intended class period ends on September 15, 2013, yet the language reads, "[T]otal debt that the Class Member paid between February 6, 2002, and February 15, 2003 . . ."
  - Detailed Notice, pg. 6, section 24 – the language indicates that class members with questions should contact Linebarger, but this should (presumably) be class counsel.

Assuming the parties bring amended versions of the stipulation, notices and proposed order to the hearing, they should bring both redlined and clean versions for the Court's review.

**IT IS SO ORDERED.**

Dated: August 17, 2015

_____
VINCE CHHABRIA
United States District Judge