1  Michael L. Charlson (SBN 122125)
       mcharlson@velaw.com
2  VINSON & ELKINS LLP
   525 Market Street, Suite 2750
3  San Francisco, California 94105
   Telephone:  (415) 979-6900
4  Facsimile:  (415) 704-3264

5  Attorneys for Defendant
   LINEBARGER GOGGAN BLAIR & SAMPSON LLP,
6  a Texas limited liability partnership

7  [Names and Addresses of Additional
   Counsel Listed on Signature Pages]

8

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN FRANCISCO**

13

14  4EC HOLDINGS, LLC, a Delaware limited liability          Case No. 3:14-cv-01944 VC
    company,
                                                             **AMENDED AND CORRECTED**
15                                Plaintiff,                  **STIPULATION OF CLASS**
                                                             **ACTION SETTLEMENT AND**
16            vs.                                            **RELEASE**

17  LINEBARGER GOGGAN BLAIR & SAMPSON
    LLP, a Texas limited liability partnership,
18                                                           Courtroom of the Honorable
                                  Defendant.                 Vince Chhabria, Courtroom 4

19

20

21

22

23

24

25

26

27

28

## AMENDED AND CORRECTED STIPULATION FOR CLASS ACTION SETTLEMENT AND RELEASE

Plaintiff 4EC Holdings, LLC ("4EC"), on behalf of itself and all Settlement Class Members, on the one hand, and defendant Linebarger Goggan Blair & Sampson LLP ("Linebarger"), on the other hand (each, a "Party"; collectively, "the Parties"), by and through their respective counsel of record, hereby enter into this Amended and Corrected Stipulation for Class Action Settlement and Release (together with its exhibits, the "Stipulation"). Subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure and satisfaction of all the terms and conditions set forth herein, it is hereby STIPULATED AND AGREED that the Litigation (as defined below) and all Released Claims (as defined below) shall be fully, finally and forever compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms:

## I.    CERTAIN DEFINITIONS

As used in this Stipulation, certain capitalized persons and terms are defined as follows:

1.    <u>Administrative Expenses</u>:  the actual amount to be paid to the Settlement Administrator for administering the Settlement, including the preparing and distributing Class Notice, preparing and distributing Class Member Payments, and preparing and filing any required tax returns regarding the Settlement Fund, and any Taxes due on any income earned by the Settlement Fund; Administrative Expenses shall not include any expenses incurred by Plaintiff, by Linebarger, by McGrane, by Owners, or by Class Counsel and shall not exceed $170,000.

2.    <u>Administrative Expense Allowance, or AEA</u>:  the sum of $170,000, which shall be used to determine the Class Payment Percentage defined in paragraph I.11. Such use shall be without prejudice to the Court's allowance of a lesser amount of actual Administrative Expenses after the Final Fairness Hearing and/or the Cut-Off Date.

3.      <u>Attorneys' Fee Allowance, or AFA</u>:  the sum of $1,230,000, which shall be used to determine the Class Payment Percentage defined in paragraph I.11.   This $1,230,000 figure is roughly $70,000 below the estimated lodestar claimed by Class Counsel as of July 21, 2015.  The Parties agree to the use of this figure as the AFA so that the sum of the AEA and the AFA is no more than $1.4 million, leaving $2.0 million of the $3.4 million Settlement Fund available for distribution to Settlement Class Members. The use of this $1,230,000 figure as the AFA shall be without prejudice to (a) the Court's approval of a greater or lesser award of Attorneys' Fees and Expenses to Class Counsel after the Final Fairness Hearing and/or the Cut-Off Date and (b) Linebarger's and/or any Settlement Class Member's rights to contest Class Counsel's claimed lodestar and Fee Application as provided in Section VIII.

4.      <u>CAFA</u>:  the Class Action Fairness Action of 2005, 28 U.S.C. § 1711 *et seq.*

5.      <u>Class</u>:  every Person who, during the Class Period, paid money in response to one or more demand letters sent by Linebarger to such Person on behalf of a Client, where the money was paid to extinguish a debt owed by such Person to the Client and Linebarger received a fee for the collection of that debt.

6.      <u>Class Period</u>:  the period between February 6, 2002, and September 15, 2013, inclusive.

7.      <u>Class Counsel</u>:   subject to Court approval and for purposes of the Settlement only, McGrane LLP, shierkatz RLLP, and Coblentz, Patch, Duffy & Bass LLP.

8.      <u>Class Member</u>:  a Person who falls within the definition of the Class set forth in Paragraph I.5 above.

9.      <u>Class Member Payment, or CMP</u>:  the payments to be made to Settlement Class Members under Section IX; the CMP for each Settlement Class Member shall be the product of three factors:   the Class Member Base defined in paragraph I.10, the

Linebarger Fee Percentage defined in paragraph I.25, and the Class Payment Percentage defined in paragraph I.11; stated as a mathematic equation, CMP = CMB x LFP x CPP.

10.    <u>Class Member Base, or CMB</u>:  the total amount paid by a Class Member in response to one or more demand letters sent by Linebarger to such Class Member on behalf of a Client to extinguish one or more debts owed by such Class Member to the Client, where Linebarger received a fee for the collection of the debt(s).

11.    <u>Class Payment Percentage, or CPP</u>:  33.39%, which is the ratio of A/B, where A is the difference between the Settlement Fund ("SF") defined in paragraph I.40 and the sum of the AEA defined in paragraph I.2 and the AFA defined in paragraph I.3, and B is the Linebarger Fees ("LF") defined in paragraph I.24; stated as a mathematic equation, $CPP = \{SF - (AEA + AFA)\} / LF$.

12.    <u>Class Representative</u>:  subject to Court approval and for purposes of the Settlement only, Plaintiff, to serve as representative plaintiff for the Class.

13.    <u>Client</u>:  any California government entity that retained Linebarger to assist it with the collection of debts owed to such California government entity.

14.    <u>Complaint</u>:   the pleading styled "Second Amended Complaint for the Violation of the Unfair Competition Law; Injunction to Prevent Future Acts of Unfair Competition" on file in the Litigation, together with all other versions of Plaintiff's pleading filed, proffered for filing in the Court or in the State Court, or otherwise presented to Linebarger at any time since the Litigation was threatened and commenced.

15.    <u>Court</u>:   the United States District Court for the Northern District of California.

16.    <u>Cut-Off Date</u>:  120 days after the Effective Date.

17.    <u>Defense Counsel</u>:  Linebarger's counsel of record in the Litigation, namely, Vinson & Elkins LLP.

18.   <u>Detailed Notice</u>:   the detailed Class Notice made available to Class Members pursuant to the Notice Order and appended as Exhibit A-2 to this Stipulation.

19.   <u>Effective Date</u>:  the date by which all of the events and conditions specified in Paragraph XII.1 of the Stipulation have been met and have occurred.

20.   <u>Final</u>:  the date when the last of the following with respect to the Judgment approving the Stipulation shall occur:  (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) three days following the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if such motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs.

21.   <u>Final Fairness Hearing</u>:  the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable and adequate to the Settlement Class, and whether the Court should enter the Judgment approving the proposed Settlement.

22.   <u>Individual Notice</u>:  the one-page summary notice to be sent to the Class Members pursuant to the Notice Order and appended as Exhibit A-1 to this Stipulation.

23.   <u>Judgment</u>:  the judgment to be rendered by the Court, substantially in the form attached as Exhibit B to this Stipulation.

24.   <u>Linebarger Fees</u>:  a sum equal to $5,989,047.48, reflecting the total fees that Linebarger received from Clients and/or Class Members for collecting debts for Clients during the Class Period.

25.   <u>Linebarger Fee Percentage, or LFP</u>:  the average proportion (25.05%) of Class Members' CMBs that Linebarger received as fees for collecting debts for Clients during the Class Period.

26.   <u>Litigation</u>:  the putative class action pending in the Court and captioned *4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson LLP*, Case No. 3:14-cv-01944 VC.

27.   <u>McGrane</u>:  (i) William McGrane, an individual person, acting in his capacity as such (and not as an attorney at law), and also in his personal capacity as a former Manager of Plaintiff at the time when the Litigation commenced (and not in the capacity as a former member of Plaintiff, as William McGrane never was individually a member of Plaintiff at any time) and (ii) WMcGrane, LLC a Georgia limited liability company, which was a Member of Plaintiff at the time when the Litigation commenced.

28.   <u>Mediator</u>:  Retired United States District Judge Vaughn R. Walker.

29.   <u>Net Settlement Fund</u>:  the amount remaining in the Settlement Fund after (a) payment of the Class Member Payments; (b) any interim payments of Administrative Expenses approved by the Court and paid before the Cut-Off Date; (c) any interim payment of Attorneys' Fees and Expenses approved by the Court and paid before the Cut-Off Date; and (d)  cancellation of any checks sent to Settlement Class Members to make Class Member Payments but not negotiated on or before the Cut-Off Date.

30.   <u>Notice Order</u>:  the order, substantially in the form attached as Exhibit A to this Stipulation, by which the Court grants preliminary approval to the proposed Settlement and directs the mailing of the Individual Notice to the Class.

31.   <u>Owners</u>:   the current and former owners of Plaintiff, including Robert Imhoff and William Imhoff.

32.   <u>Person</u>:   a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, or any other business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

33.   <u>Plaintiff</u>:  4EC Holdings, LLC, a Delaware limited liability company.

34.   <u>Related Parties</u>:   each of Linebarger's past or present partners and employees (together with all such individuals' spouses, heirs, estates, executors, administrators and members of their immediate families, any entity in which any such individual or member of his or her immediate family has a controlling interest, and any trust of which any such individual or member of his or her immediate family is the settlor or beneficiary), Clients, employees of its Clients, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, advisors, accountants, auditors, predecessors, successors, joint ventures, assigns or related or affiliated entities.

35.   <u>Released Claims</u>:   any and all actions, causes of action, claims (including Unknown Claims), rights, damages, costs, loss of service, expenses, liabilities, attorneys' fees, and debts of every nature and description whatsoever, at law or in equity, that were asserted or might have been asserted against Linebarger on account of matters or things which will or have happened, developed or occurred in the past, present or future, whether known or unknown, whether suspected or unsuspected, whether contingent or absolute, whether mature or immature, whether liquidated or unliquidated, whether discoverable or undiscoverable and whether concealed or hidden, and that are in any manner whatsoever connected with, based upon, related to, or arising out of the facts, allegations, transactions, events, occurrences, acts or omissions that either actually were

Case 3:14-cv-01944-VC   Document 90   Filed 08/19/15   Page 8 of 31


or could have been alleged in the Litigation or any matter that was the subject of allegations made in the Complaint.

36.    <u>Released Parties</u>:  Linebarger and all of its Related Parties.

37.    <u>Settlement</u>:  the terms of settlement set forth in this Stipulation.

38.    <u>Settlement Administrator</u>:  Gilardi & Co LLC.

39.    <u>Settlement Class</u>:  collectively, the group of Settlement Class Members.

40.    <u>Settlement Class Member</u>:  any Class Member who does not submit a timely request to be excluded from the Settlement Class.

41.    <u>Settlement Fund</u>:  the sum of $3,400,000, which shall be paid by or on behalf of Linebarger in accordance with Paragraph VII.1 of this Stipulation.

42.    <u>Settling Parties</u>:  collectively, Linebarger and the Plaintiff on behalf of itself and the Settlement Class Members.

43.    <u>State Court</u>:  the Superior Court of California in and for the City and County of San Francisco.

44.    <u>Supplemental Agreement</u>:  the agreement described in Paragraph X.2 of this Stipulation.

45.    <u>Taxes</u>:  any taxes (including any estimated taxes, interest or penalties) arising with respect to any income earned by the Settlement Fund; to avoid any such Taxes, the Settlement Administrator shall hold the Settlement Fund and/or the Net Settlement Fund in a non-interest bearing account insured by the FDIC.

46.    <u>Tax Expenses</u>:  expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns or other documents relating to such Taxes.

47.    <u>Unknown Claims</u>:  any Released Claims that the Plaintiff or any of the Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it might have

CLASS ACTION SETTLEMENT AND RELEASE

CASE NO. 3:14-CV-01944 VC

8

affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to the Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Upon the Effective Date, Plaintiff shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiff and Settlement Class Members acknowledge that they may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims; but upon the Effective Date, Plaintiff shall expressly fully, finally and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released all Released Claims, without regard to any subsequent discovery or existence of such different or additional facts.  Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## II.    <u>INTRODUCTION</u>

1.    Plaintiff commenced a putative class action with its filing of a complaint in the State Court on May 28, 2013, naming Linebarger as defendant and asserting claims

under provisions of the California Unfair Competition Law.  The Complaint, including as amended, alleges generally that Linebarger, a Texas-based law firm that assists various California governmental entities (its "Clients") with collecting debts owed to them, had engaged in the illegal practice of law in California by sending letters into California seeking payment of these debts.  These debts may include most any sort of debt owing to a governmental entity, from unpaid taxes, tolls or fines to fees for services rendered (for example, court costs or fees for services at a public hospital).  Plaintiff has also alleged in different versions of the Complaint that the letters were misleading, constituted false advertising and/or otherwise constituted an unfair business practice.  Linebarger has denied the material allegations of the Complaint, contending among other things that it has been engaged in debt collection work and at all times complies with applicable federal and California law concerning debt collection.

2.    After nearly a year of litigation, which included both an early effort at mediation and extensive discovery, Plaintiff on April 24, 2014, filed its second amended complaint, which among other things extended the alleged class period back to the time Linebarger first did business in California, in February 2002.

3.    Linebarger, believing the amendment to the Complaint for the first time made clear that more than $5 million was at issue in the Litigation, removed the case to this Court on April 28, 2014, pursuant to terms of the Class Action Fairness Act. Linebarger also moved to dismiss the matter on May 5, 2014, and sought reconsideration of a State Court discovery order by motion filed May 12, 2014.

4.    On May 6, 2014, Plaintiff moved to remand the Litigation to the State Court.  While not disputing this Court's jurisdiction over the Litigation under CAFA, Plaintiff contended that Linebarger's Notice of Removal was untimely.

5.    On May 23, 2014, the Parties stipulated that the matter had reached a point at which it would be appropriate for the Parties again to explore a possible settlement.

On May 28, 2014, the Court ordered a stay of the Litigation, rescheduling the briefing and hearing on Plaintiff's remand motion and denying all other pending motions without prejudice.

6.      Commencing in May 2014, the Parties conducted an extensive series of settlement negotiations including, among other things, an in-person mediation conducted by the Mediator on July 31, 2014.  The Parties participated in the mediation in good faith but were unable to reach a resolution during the formal mediation session.

7.      After the mediation, the Parties continued to negotiate in good faith through the Mediator.  On October 21, 2014, the Parties informed the Court that they had reached an agreement in principle to settle the Litigation.  In response to the Parties' joint request, the Court vacated pending dates and set a status conference for December 2, 2014.  Thereafter, the Parties continued to negotiate the terms of a formal Stipulation of Class Action Settlement and Release, which was filed on December 30, 2014 (the "December 30 Stipulation").

8.      At a hearing on January 22, 2015, the Court expressed concerns regarding several aspects of the December 30 Stipulation.  Thereafter, the Parties re-opened their settlement negotiations, which ultimately resulted in this current Stipulation, executed by the Parties as of August 18, 2015.

## III.   PLAINTIFF'S CLAIMS AND THE SETTLEMENT

1.      Class Counsel have conducted extensive research, investigation and discovery relating to the claims and the underlying events and transactions alleged in the Complaint during the prosecution of the Litigation.  Based on their work, Class Counsel believe that the claims asserted against Linebarger in the Litigation have potential merit.  At the same time, Class Counsel recognize that continued prosecution of the Litigation through trial and possible appeal would be protracted and expensive.  In addition, Class Counsel have taken into account the uncertain outcome and the risk of any litigation,

especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Class Counsel are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Litigation.

2.     As noted, Class Counsel conducted extensive arms' length negotiations with Defense Counsel, including with the assistance of the Mediator, over several months with respect to a resolution of the claims in the Litigation and with the goal of achieving the best relief possible consistent with the interests of the Class and the strengths and weaknesses of the claims and defenses asserted in the Litigation.

3.     Based on evaluation of all of these factors, Class Counsel have concluded in light of the applicable law that the terms of the Settlement are fair, adequate, and reasonable, and that it is desirable and in the best interests of Plaintiff and all Class Members that the Litigation be fully and finally settled on the terms set forth in this Stipulation.

## IV.   LINEBARGER'S DENIAL OF WRONGDOING AND LIABILITY

1.     Linebarger has denied and continues to deny any and all wrongdoing, and reiterates its previously filed denials of all material allegations of the Complaint. Linebarger believes that its work assisting California government agencies with collection of unpaid taxes, tolls, fees and other money owing is a public service, particularly where, as here, the validity of the Class Members' debts that Linebarger helped its Clients to collect is uncontested.  Linebarger contends that it at all times complied with all applicable laws governing its business of debt collection.  Moreover, even if Plaintiff's allegations were somehow correct, Linebarger disputes Plaintiff's standing to assert its claims.  Linebarger also disputes that Class Members have suffered any legally cognizable injury because (among other reasons) in the vast majority of cases, Class Members paid no more to resolve their debts to the government (i.e., to Linebarger's Clients) by reason of Linebarger's involvement than they would have had to

pay otherwise.  Except as provided in Paragraphs V.3 and XIII.5 below, nothing in this Stipulation shall be construed or deemed to be evidence of or an admission, presumption, or concession on the part of Linebarger of any fault, liability, coverage or wrongdoing as to any facts or claims that were or might have been asserted in the Litigation (or any infirmity in the defenses that Linebarger has asserted or could assert in the Litigation) or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or adduced or received in evidence or otherwise used against Linebarger in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative.

2.      Notwithstanding its view that the Litigation lacks legal or factual merit, Linebarger has determined that continued litigation of this dispute, with its associated uncertainties and costs, is not in its best interests.  Accordingly, Linebarger has agreed to resolve the dispute as set forth in this Stipulation based on the understandings that the Settlement constitutes a full and final resolution of the disputes and that, subject to terms of the Stipulation, Linebarger may continue to conduct its business.

## V.      CLASS CERTIFICATION

1.      As soon as reasonably practicable following execution of this Stipulation, the Parties will jointly apply to the Court for preliminary approval of the Settlement, including a request that the Court enter the Notice Order and propose a schedule for events culminating in a Final Fairness Hearing.  As part of that request for preliminary approval of the Settlement, and for purposes of the Settlement only, Plaintiff will seek, and subject to Paragraph V.2 Linebarger will not oppose, (a) certification of the Class; (b) appointment of Plaintiff as Class Representative; (c) appointment of Class Counsel as counsel to the Settlement Class; and (d) appointment of the Settlement Administrator.

2.      Certification of the Class as contemplated by this Stipulation, and the appointment of Plaintiff and Class Counsel as Class Representative and counsel to the

Class, respectively, is solely for the purposes of settlement.  Nothing in this Stipulation shall constitute, in this Litigation or in any other action or proceeding, an admission by Linebarger or a finding of evidence that any claims that either were brought or could have been brought in this Litigation are appropriate for class treatment, that any requirement for class certification is or could otherwise be satisfied, that Plaintiff is an appropriate Class Representative, or that Class Counsel are appropriate attorneys to represent the Class.  By entering into this Stipulation, Linebarger in no way waives its right to challenge or contest any aspect of class certification or class representation (a) in this Litigation should the Settlement not become Final, or (b) in any other lawsuit or putative class action.  Except as provided in Paragraph V.3 below, the fact that Linebarger entered into this Stipulation may not be offered, received, or construed as an admission, finding, or evidence, for any purposes, including the propriety of class certification.

3.    This Stipulation will be inadmissible in this or any other proceeding except for purposes of enforcing terms of the Settlement or for *res judicata* or similar purposes. This provision shall not preclude Linebarger from offering into evidence the Stipulation and the settlement term sheet in any proceeding between Linebarger and its insurers concerning the Litigation, including the insurers' coverage obligations.

## VI.    <u>NOTICE TO THE CLASS</u>

1.    As soon as reasonably practicable after the Court enters the Notice Order, the Settlement Administrator will send by first-class U.S. mail to each Class Member identified by a reasonable search of Linebarger's records an Individual Legal Notice of Class Action Settlement Involving Debt Collection (the "Individual Notice") substantially in the form appended to the Notice Order (Exhibit A-1 to this Stipulation).  The Individual Notice shall set forth or describe the right to opt out of the Settlement Class. The Individual Notice shall also advise Class Members of the Final Fairness Hearing at which time the Court will consider whether to grant final approval to the Settlement and

the right of Settlement Class Members to object to the Settlement or any aspect of it and to object to Class Counsel's application for an award of attorneys' fees and costs.

2.    In addition to the mailing of the Individual Notice as described above, the Settlement administrator shall post on its website a copy of each of the following:  the Notice Order; the Individual Notice; and the Detailed Legal Notice of Class Action Settlement Involving Debt Collection ("Detailed Notice") attached hereto as Exhibit A-2.

3.    Linebarger and the Settlement Administrator shall take the following steps to help ensure that the mailings described in paragraph VI.1 provide the best notice practicable under the circumstances:

A.    Within 10 days after the entry of the Notice Order, Linebarger shall provide to the Settlement Administrator a listing of the last known addresses ("LKAs") of all Class Members.  Linebarger shall do so at its own expense.  If possible, the listing shall segregate LKAs that were provided to Linebarger within the last four years from those that were provided to Linebarger more than four years ago.

B.    Within 20 days after the entry of the Notice Order, the Settlement Administrator shall (i) run all of the LKAs received from Linebarger through the Postal Service's National Change of Address Database ("NCOA") to identify address changes within the last four years, (ii) set aside as ready to mail all addresses updated through the NCOA database, and (iii) run all addresses that were not updated by NCOA and not known to have been provided to Linebarger within the past four years through a third-party lookup program such as LexisNexis Accurint.

C.    Within 30 days after the entry of the Notice Order, the Settlement Administrator shall mail the Individual Notices to Potential Class Members by

first class mail, addressed to the most current address produced through the updating protocol described in paragraph VI.3(B).

D.    In the event that a Class Notice is returned by the postal service with a new address shown on a "yellow sticker" affixed to the Notice, the Settlement Administrator shall promptly (within 5 business days) re-mail the Notice to the address shown on the "yellow sticker".

E.    In the event that a Class Notice is returned by the postal service without a new address shown on a "yellow sticker" affixed to the Notice, the Settlement Administrator shall take the following steps to re-send the Notice:  (i) if the returned notice was originally sent to an address that was not generated by a third-party lookup program such as LexisNexis Accurint, the Settlement Administrator shall run the LKA through the third-party lookup service and re-mail the Class Notice to the best address resulting from that research, or to the original LKA if no other address is found during that research; (ii) if the returned notice was originally sent to an address that was generated by a third-party lookup program such as LexisNexis Accurint, the Settlement Administrator shall re-mail the Notice to the next-best address resulting from that original research, or to the original LKA if no other address was found during that research.

4.    Upon request, Linebarger and the Settlement Administrator shall provide Class Counsel with such reasonable access to the notice process as they may need to monitor compliance with paragraphs VI.1-VI.3.

5.    The cost of providing notice will be an Administrative Cost to be paid or reimbursed to the Settlement Administrator (but not Linebarger, which shall bear all of its own expenses of administration) from the Settlement Fund.

6.    Within ten (10) days of the filing of this Stipulation with the Court, Linebarger shall properly notify the appropriate state and federal officials of this

Stipulation pursuant to CAFA, 28 U.S.C. § 1715.

## VII.    **THE SETTLEMENT**

1.       Linebarger shall create a Settlement Fund of $3.4 million to be used and administered under the direction of the Court as provided in the Stipulation.  Linebarger shall establish the Settlement Fund in one of two ways: (a) by depositing $3.4 million in cash with the Settlement Administrator within five (5) days of preliminary approval of the Settlement by the Court; or (b) by (i) depositing $200,000 in cash with the Settlement Administrator within five (5) days of preliminary approval of the Settlement by the Court and (ii) posting with the Settlement Administrator within five (5) days of preliminary approval of the Settlement by the Court a letter of credit guaranteed by a mutually satisfactory financial institution, bond or other facility in the amount of $3.2 million.  In the event Linebarger elects to fund the Settlement Fund under option (b), Linebarger shall replace the letter of credit with a deposit of $3.2 million in cash within five (5) days of the Effective Date.

2.       Linebarger shall agree not to send written collection communications on behalf of Clients to California citizens without Linebarger having one or more members of the California State Bar as either partners or as regular salaried employees at the time such communications are transmitted.  Subject to its compliance with applicable laws and regulations, Linebarger may otherwise continue to conduct its business in California.

3.       Upon the Effective Date, Plaintiff, its Owners, McGrane, and each of the Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns, and any other Person claiming through or on behalf of any of them, shall have or shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.   In addition, each Settlement Class Member shall have or shall be deemed to have (a) consented to the sharing of personal

identifying information relating to the Settlement Class Member's government debt to the extent reasonably necessary to administer the Settlement as provided in this Stipulation, and (b) waived any privacy claim that the Settlement Class Member might otherwise have had by reason of such sharing of personal identifying information.

4.      Plaintiff, its Owners, McGrane, and Class Counsel all covenant that they are not aware of any (and have no basis for making any) additional claims against Lineberger other than those claims that have been alleged by Plaintiff in either the Litigation or the Complaint.

## VIII.   ATTORNEYS' FEES AND ADMINISTRATIVE COSTS

1.      Class Counsel will submit one or more applications to Court (the "Fee Application(s)") for approval of reasonable attorneys' fees and expenses to be paid from the Settlement Fund.  Interim payment(s) of any Fee Application(s) are permitted if otherwise ordered by the Court so long as (i) the Effective Date has first passed and (ii) the Settlement Administrator has sufficient funds on hand to make any and all such interim payment(s).  Lineberger and any Settlement Class Member may object to any one or more of such Fee Application(s) and/or any one or more orders for such interim payment(s).  In the event the Settlement does not become final, neither Lineberger nor the Settlement Fund shall be under any obligation to pay attorneys' fees or expenses.

2.      Class Counsel shall file their initial Fee Application at least 60 days before the Final Fairness Hearing.  On further order of the Court, made at or after the Final Fairness Hearing, Class Counsel may also file a supplemental Fee Application seeking an additional lodestar and/or lodestar multiplier award within sixty (60) days after the Cut-Off Date.

3.      The Fee Application(s) and the Court's decision(s) whether to grant or deny (in whole or in part) any Fee Application(s) and/or request(s) for interim payment(s) shall be considered separately from the fairness, reasonableness, and adequacy of the

Settlement for the Settlement Class.   Any order or proceeding relating to any Fee Application(s) and/or request(s) for interim payment(s), including any appeal or writ proceeding regarding any order relating to any such Application(s) or request(s) or any reversal or modification of any such Application(s) or request(s), will not operate to terminate or cancel this Settlement.   Nor will any such order, appeal or proceeding affect or delay the finality of the Judgment approving the Settlement and this Stipulation. Linebarger shall have no responsibility for the allocation of any award of attorneys' fees and expenses among Class Counsel or any other Person who may claim to have a right to some portion of any such award.

4.     All Attorneys' Fees and Expenses awarded by the Court, including any interim or supplemental award of Attorneys' Fees and Expenses, shall be paid by the Settlement Administrator out of the Settlement Fund as directed by the Court, provided that no Attorneys' Fees and Expenses shall be paid before the Effective Date.   Any disputes over the propriety of any Attorneys' Fees and Expenses or the payment thereof from the Settlement Fund shall be finally resolved by the Court.

5.     Except as otherwise provided in this Section VIII, each Party shall bear his/her/its own costs of suit, including attorneys' fees, incurred in bringing or defending against the Litigation and, as to Linebarger only, in connection with settlement administration.

6.     The Settlement Administrator, under the supervision of Class Counsel, shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund and shall timely pay all Taxes and Tax Expenses.   In no event shall Linebarger, any of its Related Parties, or Defense Counsel have any responsibility for or liability with respect to Taxes, related reporting, or Tax Expenses.

7.     All Administrative Expenses, including Taxes and Tax Expenses, shall be paid by the Settlement Administrator out of the Settlement Fund as directed by the Court.

Any disputes over the propriety of any Administrative Expenses or the reimbursement thereof from the Settlement Fund shall be finally resolved by the Court.

8.      In the event the Stipulation is not approved, or is terminated, cancelled, or fails to become effective for any reason, the Settlement Fund, less the Administrative Expenses, Taxes, and/or Tax Expenses actually incurred or due and owing at the time, shall be refunded to Linebarger pursuant to written instructions from Defense Counsel.

## IX.   SETTLEMENT ADMINISTRATION

1.      Within 30 days of the Effective Date, the Settlement Administrator shall send to each Settlement Class Member (at the best address produced through the Class Notice process described in Section VI) a check in the amount of the Class Member Payment due to such Settlement Class Member, which payment shall be calculated by the Settlement Administrator in accordance with paragraph I.9.   To facilitate such calculations, Linebarger shall create and transmit to the Settlement Administrator no later than 15 days after the Court's entry of the Judgment a listing of the Class Member Base of each Settlement Class Member.  Linebarger shall do so at its own expense.

2.      Any check sent to a Settlement Class Member to make a Class Member Payment but not negotiated by the Cut-Off Date shall be cancelled with the amount of such check retained in the Net Settlement Fund.

3.      After the Cut-Off Date, the Net Settlement Fund shall be distributed as directed by the Court to pay (a) any approved Administrative Expenses (including any Taxes or Tax Expenses) not yet paid; (b)  any approved Attorneys' Fees or Expenses not yet paid; and/or (c) any approved *cy pres* contribution to Public Justice of Oakland, California, and/or to any other charitable organization(s) unaffiliated with Plaintiff, McGrane, or the Owners, as the Court may designate.

1

## X.   OPT-OUTS AND OBJECTIONS

1.     Any Class Member may opt out of the Class during the period of time approved by the Court, as will be outlined in the Court-approved Individual Notice and Detailed Notice – such time period to extend to a date not less than 14 days prior to the Final Fairness Hearing.  Opt-outs must be post-marked by the date approved by the Court and specified in the Individual Notice and Detailed Notice.  To exercise the right to opt out, the Class Member seeking to opt out must complete and return a request for exclusion to the Settlement Administrator during the opt-out period.  Except for those Class Members who have properly opted out, all Class Members will become Settlement Class Members and be bound by this Settlement and the Judgment to be entered following final approval of this Stipulation.  Any Class Member who elects to opt out of the Settlement Class shall not (a) be bound by any orders or Judgment entered in this Litigation; (b) be entitled to relief under this Settlement; (c) gain any rights by virtue of this Settlement; or (d) be entitled to object to any aspect of this Settlement.  Any request for exclusion must be personally signed by the Class Member requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.

2.     Linebarger shall have the option, as set forth in the Supplemental Agreement executed by Class Counsel and Defense Counsel, to terminate the Settlement in the event that Class Members who, on a combined basis and in response to a collection letter from Linebarger have paid an amount equal to exceeding a certain amount of money to extinguish government debts (the "Opt-Out Amount"), choose to exclude themselves from the Settlement Class.  The Opt-Out Amount may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out in such a manner as to maintain the Opt-Out Amount as confidential.   In the event of a termination of this Settlement pursuant to the

Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, in accordance with Paragraph XII.3.

3.      Any Settlement Class Member who intends to object to this Settlement and/or to Class Counsel's Fee Application must file a written objection, including: (a) his/her/its name and address, (b) all arguments, citations, and evidence supporting the objection(s) (including arguments, citations, and evidence demonstrating that the objector is a Settlement Class Member), and (c) a statement whether the objector intends to appear at the Final Fairness Hearing, either with or without counsel.  Objections must be post-marked by a date approved by the Court and specified in the Individual Notice and Detailed Notice – such date shall not be less than 21 days prior to the Final Fairness Hearing.  (Responses to any objections from Class Counsel or Defense Counsel shall be filed not less than 14 days prior to the Final Fairness Hearing.)  Except as otherwise permitted by the Court on a showing of good cause, any Class Member who fails to timely file a written objection and notice of his or her intent to appear at the Final Fairness Hearing pursuant to this Paragraph or as detailed in the Individual Notice shall not be permitted to object to this Settlement or the Fee Application at the Final Fairness Hearing and shall be foreclosed from seeking any review of this Settlement or the Fee Application by appeal or other means.

## XI.    FINAL FAIRNESS HEARING

1.      As part of the Notice Order, the Court shall set a date for a Final Fairness Hearing on the Settlement not sooner than 120 days after the entry of the Notice Order, and thus no less than 90 days after (a) the Individual Notice is first mailed to the Class and (b) appropriate state and federal officials are served with notice under CAFA.  In connection with the Final Fairness Hearing, Class Counsel will move the Court for its final approval of the Settlement and entry of the Judgment.  At the Final Fairness Hearing, the Court shall also consider an initial Fee Application submitted by Class

Counsel and any objections to such initial Fee Application, but the Court's consideration of such initial Fee Application and any objections thereto shall be separate from its consideration of the fairness, reasonableness and adequacy of the Settlement to the Settlement Class.

2.      In connection with the Final Fairness Hearing, deadlines will be established for Class Counsel's motion for final approval of the Settlement, the filing of objections to the Settlement or to the initial Fee Application, any paper from Linebarger in support of final settlement approval, and any paper from the Parties in response to any objections. The last of these deadlines will be not less than fourteen (14) days prior to the Final Fairness Hearing.

3.      Following the provision of notice as provided in the Notice Order, Class Members will have the right to opt out of the Settlement in accordance with the procedures set forth in the Individual Notice and Detailed Notice.  Any right to opt out shall be personal to the Class Member and shall not be assignable.

## XII.   CONDITIONS

1.      This Stipulation is conditioned upon the occurrence of all of the following events:

(a)     The Court enters the Notice Order;

(b)     Linebarger funds the Settlement Fund as contemplated by Paragraph VII.1;

(b)     Linebarger does not exercise its option under Paragraph X.2 to terminate the Settlement;

(c)     The Court enters the Judgment in substantially the form as in Exhibit B; and

(d)     The Judgment becomes Final.

2.     If the Court does not enter the Notice Order substantially in the form of Exhibit A hereto or the Judgment substantially in the form of Exhibit B hereto, or if the Court enters the Judgment and appellate review is sought and, on such review, the Judgment is finally vacated, modified, or reversed, then this Stipulation and the Settlement reflected in it shall be cancelled and terminated, unless all Parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of receipt of such ruling provide written notice to all other Parties of their intent to proceed with the Settlement under the terms of the Notice Order or the Judgment as modified by the Court or on appeal.  No Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to in this Stipulation; provided, however, that no order of the Court concerning any fee and expense application, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Party.  Without limiting the foregoing, Linebarger shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of all of the claims against it asserted in the Litigation.

3.     In the event that any one or more of the conditions specified in Paragraph XII.1 is not met, this Stipulation will be of no force or effect, and the Parties will be deemed to be in the same positions as they occupied prior to entering into this Stipulation – specifically, the positions they held in the Litigation as of October 21, 2014 – without waiver of any rights, claims, defenses, or arguments they may otherwise have had, unless the Parties mutually agree in writing to proceed with this Stipulation.  In that event, the Parties shall, within one (1) week of such termination of the Settlement, meet and confer and present to the Court a proposed schedule for resolution of Plaintiff's pending motion for remand.  Until such time as that motion is resolved and any further case management

schedule as may be necessitated by the Court's disposition of that motion is established, neither Plaintiff nor Linebarger will serve any discovery requests or motions on the other. In that event the terms and provisions of this Stipulation, with the exception of relevant definitions in Section 1 and the terms of Paragraphs V.2, V.3, VI.1-VI.6, VIII.1, VIII.4-VIII.8, X.2, XII.2, XII.3, XIII.5-XIII.8, XIII.12 and XIII.18 of this Stipulation, shall have no further force and effect and shall not be used in this Litigation or in any other proceeding for any purpose.

## XIII.  MISCELLANEOUS PROVISIONS

1.      The Settling Parties acknowledge that it is their intent to consummate the Settlement, and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish such terms and conditions.  The Settling Parties shall cooperate in presenting this Amended Stipulation to the Court for approval.

2.      The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation and the Released Claims.  The Settlement compromises claims that are contested and will not be deemed an admission by any Party as to the merits of any claim or defense.

3.      The Parties agree that neither shall disparage the other.  Without limiting the generality of this agreement, the Parties specifically agree that they will not engage in conduct that injures the other Party in its business including by, for example, communicating with such other Party's clients or business associates in terms that suggest unlawful or unethical conduct by such other Party, posting information on the Internet or particular web sites in terms that suggest unlawful or unethical conduct by the other Party, or otherwise acting in a manner that interferes with the other Party's conduct of its business.

4.      The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment, regardless of whether Class Counsel's Fee Application has been submitted to the Court or finally resolved by an appealable order.

5.      Neither this Stipulation, the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be deemed to be an admission of, or evidence of:   (a) the validity of any Released Claims; (b) any wrongdoing or liability of Linebarger; or (c) any fault or omission of Linebarger in any civil, criminal, or other proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Linebarger and its Clients, partners, successors, administrators, executors, assigns, agents, representatives, attorneys, servants, employees, officers, liquidators, trustees, receivers, partners, directors, shareholders, predecessors, and affiliates may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6.      All agreements made and orders entered during the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

7.      The Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.      The Parties agree that no representation or promise not expressly contained in this Stipulation has been made and further acknowledge that they are not entering into this Stipulation on the basis of any promise or representation, express or implied, not

otherwise contained herein.  This Stipulation, together with the Supplemental Agreement, contains the entire agreement between the Parties.  Each Party has fully and personally investigated the subject matter of this Stipulation, consulted with such attorneys or other independent counselors as it has deemed necessary, and does not rely on any statement of facts or opinions of any other Party to this Stipulation.

9. This Stipulation may be amended only through a writing executed by all Parties or their respective successors-in-interest.  The waiver of any rights conferred under the Stipulation shall be effective only if made by written instrument of the waiving Party.  The waiver by any Party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, to or with this Stipulation.

10. The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation and over any disputes arising under this Stipulation, and all Parties hereby submit to the jurisdiction of the Court for such purposes.

11. Each Party represents and warrants to all other Parties that such Party: (a) was represented by attorneys of the Party's choosing in connection with the execution of this Stipulation; (b) has read and understood all aspects of this Stipulation and all of its effects; and (c) has had a full opportunity to draft and/or comment on the provisions of this Stipulation.  The Parties specifically agree that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Stipulation, it being recognized that the Stipulation is the result of arms'-length negotiations between the Parties and that all Parties have contributed substantially and materially to preparation of this Stipulation.

12. Class Counsel represent and warrant that they are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Settlement

Class pursuant to this Stipulation to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class as they may deem appropriate.

13.     If any provision of this Stipulation is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Stipulation will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Stipulation or, if that proves unavailing, either Party can terminate the Stipulation without prejudice to any Party.

14.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

15.     The headings used in this Stipulation are for convenience only and will not be used to construe its provisions.

16.     This Stipulation may be executed in any number of counterparts, all of which will be construed together and will constitute one document, and by use of facsimile signatures.

17.     This Stipulation will be governed by, and construed in accordance with, the laws of the State of California.

18.     Each Person executing this Stipulation hereby warrants that such Person has the full authority to make any and all representations or warranties made in this Stipulation, to agree to all terms and conditions of this Stipulation, and to execute and implement this Stipulation and the Settlement.

1    **IN WITNESS WHEREOF**, the Parties have executed and caused this Stipulation

2    to be executed by their duly authorized agents, as of the dates set forth below.

3

4    DATED:  August 18, 2015                    WILLIAM McGRANE (SBN 057761)

5                                               william.mcgrane@mcgranellp.com
                                                McGRANE LLP

6                                               Four Embarcadero Center, Suite 1400
                                                San Francisco, California 94111

7                                               Telephone:  (415) 766-3590

8                                               By____/s/ William McGrane_____

9                                                        William McGrane

10                                              JONATHAN R. BASS (SBN 075779)

11                                              jbass@cpdb.com
                                                COBLENTZ PATCH DUFFY & BASS LLP

12                                              One Ferry Building, Suite 200
                                                San Francisco, California 94111

13                                              Telephone:  (415) 772-5726

14

15                                              MATTHEW J. SHIER (SBN 072638)

16                                              mshier@shierkatz.com
                                                shierkatz RLLP

17                                              930 Montgomery Street, 6th Floor
                                                San Francisco, California 94133

18                                              Telephone:  (415) 691-7027

19                                              Attorneys for Plaintiff
                                                4EC HOLDINGS, LLC

20

21

22

23

24

25

26

27

28

1    DATED:  August 18, 2015                    MICHAEL L. CHARLSON (SBN 122125)
2                                                mcharlson@velaw.com
                                                VINSON & ELKINS LLP
3                                               525 Market Street, Suite 2750
                                                San Francisco, CA  94105
4                                               Telephone: (415) 979-6900

5                                               By    /s/ Michael L. Charlson
                                                        Michael L. Charlson
6

7                                               RUSSELL YAGER (*pro hac vice*)
8                                                ryager@velaw.com
                                                VINSON & ELKINS LLP
9                                               2001 Ross Avenue, Suite 3700
                                                Dallas, TX  75201
10                                              Telephone: (214) 220-7820

11                                              Attorneys for Defendant
12                                              LINEBARGER GOGGAN BLAIR
                                                & SAMPSON LLP
13

14
     DATED:  August 18, 2015                    By    /s/ William McGrane
15                                                      William McGrane

16                                              *In his capacity as an individual person, in*
17                                              *his capacity as a present investment*
                                                *manager for WMcGrane, LLC, and in*
18                                              *his capacity a former manager of*
                                                *Plaintiff 4EC Holdings, LLC*
19

20

21

22

23

24

25

26

27

28

## ATTESTATION OF ELECTRONIC FILING

I, Michael L. Charlson, am the ECF User whose ID and password are being used to file this

FURTHER STIPULATED ORDER CONCERNING PLAINTIFF'S RENEWED MOTION

FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT (DKT. NO. 73). I hereby attest

that counsel whose e-signatures appear above have concurred with this filing.

Dated:  August 19, 2015              By:     /s/ *Michael L. Charlson*
                                            Michael L. Charlson
                                            Russell Yager (*pro hac vice*)

                                            Attorneys for Defendant
                                            LINEBARGER GOGGAN BLAIR &
                                            SAMPSON LLP

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 19, 2015, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice as service of this document by electronic means.

Dated:  August 19, 2015              By:     /s/ *Michael L. Charlson*
                                            Michael L. Charlson
                                            Russell Yager (*pro hac vice*)

                                            Attorneys for Defendant
                                            LINEBARGER GOGGAN BLAIR &
                                            SAMPSON LLP