1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| 4EC HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON LLP, a Texas limited liability partnership,<br><br>Defendant. | Case No. 3:14-cv-01944 VC<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AS AMENDED AND PROVIDING FOR NOTICE |

WHEREAS, a purported class action is pending before the Court captioned *4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson, LLP,* Case No. 3:14-cv-01944 VC (the "Litigation");

WHEREAS, the Court has received and reviewed the Amended and Corrected Stipulation of Class Action Settlement and Release dated August 18, 2015 (together with its attached exhibits, the "Amended Stipulation") that has been entered into by Plaintiff 4EC Holdings, LLC ("Plaintiff" or "4EC") and Defendant Linebarger Goggan Blair & Sampson LLP ("Defendant" or "Linebarger");

WHEREAS, the Amended Stipulation sets forth the terms and conditions for a proposed settlement of the Litigation (the "Settlement") and for dismissal of the Litigation with prejudice on the terms and conditions specified in the Amended Stipulation;

-1-

1    WHEREAS, Plaintiff made an unopposed application pursuant to Fed. R. Civ. P. 23(e) for an order preliminarily approving the Settlement of this Litigation in accordance with the Amended Stipulation;

4    WHEREAS, the Court on August 20, 2015, held a hearing to consider whether to grant preliminary approval to the Settlement and to direct that notice be given to the Settlement Class;

6    WHEREAS, the Court has considered the terms of the Amended Stipulation and the papers and arguments presented by the Parties at the preliminary-approval hearing and finds good cause for entry of this order; and

9    WHEREAS, all defined terms included in this order (the "Notice Order") not otherwise defined herein shall have the meanings as set forth in the Amended Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Amended Stipulation and the Settlement set forth in it, subject to further consideration at the Final Fairness Hearing described below.

2. A hearing (the "Final Fairness Hearing") shall be held before this Court at _10 a m_ on _January 7_, 201_6_, in Courtroom 4 at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, to determine whether the proposed Settlement on the terms and conditions provided for in the Amended Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided for in Paragraphs I.21 and XI.1 of the Amended Stipulation should be entered; and to determine the amount of fees and expenses that should be awarded to Class Counsel.  To address any unforeseen circumstances arising after distribution of Class Notice, the Court may adjourn or continue the Final Fairness Hearing (or any part thereof) with such supplemental notice to the Class as the Court may direct.  And, to allow consideration of any supplemental Fee Application filed by Class Counsel in accordance with Section VIII of the Amended Stipulation and paragraph 12 of this Notice Order, the Court may convene a subsequent hearing for that purpose, again, with such supplemental notice to the Class as the Court may direct.

3. Pursuant to Fed. R. Civ. P 23, the Court preliminarily certifies, solely for purposes of

effectuating the Settlement, a Class of every Person who, during the period February 6, 2002, through September 15, 2013, inclusive, paid money in response to one or more demand letters sent by Linebarger to such Person on behalf of a Client, where the money was paid to extinguish a debt owed by such Person to the Client and Linebarger received a fee for the collection of that debt. For purposes of this Class definition, a Client is any California government entity that retained Linebarger to assist it with the collection of debts owed to such California government entity. Excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the procedures described in the Individual Notice and Detailed Notice appended to this Notice Order and described in Paragraph 5 below.

4. With respect to the Class, this Court preliminarily finds, solely for purposes of effectuating this Settlement, that (a) the Class Members are so numerous that joinder of all Class Members in this Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of 4EC are typical of the claims of the Class; (d) Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class members in individually controlling separate actions versus their avoiding the expense of prosecuting separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Plaintiff; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Subject to technical revisions by the Settlement Administrator to enhance readability and control the costs of postage, the Court approves, as to form and content, the following: (a) the Individual Legal Notice of Class Action Settlement Involving Debt Collection (the "Individual Notice") attached hereto as Exhibit A-1; and (b) the Detailed Legal Notice of Class Action Settlement Involving Debt Collection ("Detailed Notice") attached hereto as Exhibit A-2. The Court further finds that mailing the Individual Notice and posting of Detailed Notice as set forth in Paragraph 6 of this Notice Order meet the requirements of Fed. R. Civ. P. 23 and due process, are

the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Fed. R. Civ. P. 53(c), the Court appoints Gilardi & Co. LLC as the Settlement Administrator. The Court adopts the following procedures for providing notice to the class:

(a) Within 10 days after the entry of this Notice Order, Linebarger shall provide to the Settlement Administrator a listing of the last known addresses ("LKAs") of all Class Members. Linebarger shall do so at its own expense. If possible, the listing shall segregate LKAs that were provided to Linebarger within the last four years from those that were provided to Linebarger more than four years ago.

(b) Within 20 days after the entry of the Notice Order, the Settlement Administrator shall (i) run all of the LKAs received from Linebarger through the Postal Service's National Change of Address Database ("NCOA") to identify address changes within the last four years, (ii) set aside as ready to mail all addresses updated through the NCOA database, and (iii) run all addresses that were not updated by NCOA and not known to have been provided to Linebarger within the past four years through a third-party lookup program such as LexisNexis Accurint.

(c) Within 30 days after the entry of the Notice Order, the Settlement Administrator shall mail the Individual Notices to Potential Class Members by first class mail, addressed to the most current address produced through the updating protocol described in paragraph 6(b).

(d) In the event that a Class Notice is returned by the postal service with a new address shown on a "yellow sticker" affixed to the Notice, the Settlement Administrator shall promptly (within 5 business days) re-mail the Notice to the address shown on the "yellow sticker".

(e) In the event that a Class Notice is returned by the postal service without a new address shown on a "yellow sticker" affixed to the Notice, the Settlement Administrator shall take the following steps to re-send the Notice: (i) if the returned notice was originally sent to

1   an address that was not generated by a third-party lookup program such as LexisNexis
2   Accurint, the Settlement Administrator shall run the LKA through the third-party lookup
3   service and re-mail the Class Notice to the best address resulting from that research, or to the
4   original LKA if no other address is found during that research; (ii) if the returned notice was
5   originally sent to an address that was generated by a third-party lookup program such as
6   LexisNexis Accurint, the Settlement Administrator shall re-mail the Notice to the next-best
7   address resulting from that original research, or to the original LKA if no other address was
8   found during that research.

9     (f) Not later than September 21, 2015, the Settlement Administrator shall serve
10  on Class Counsel and file with the Court proof, by affidavit or declaration, of the mailing of the
11  Individual Notice.

12    7. All Settlement Class Members shall be bound by all determinations and judgments in
13  the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

14    8. Any Class member who desires to request exclusion from the Settlement Class shall
15  do so within the time set forth and in the manner described in the Individual Notice and Detailed
16  Notice. All potential Class Members who submit valid and timely requests for exclusion in the
17  manner set forth in the Individual Notice and Detailed Notice shall have no rights under the
18  Amended Stipulation, shall not share in the distribution of the Settlement Fund or the Net Settlement
19  Fund, and shall not be bound by the Amended Stipulation or the Judgment entered in the Litigation.

20    9. Any Class member may enter an appearance in the Litigation, at his, her or its own
21  expense, individually or through counsel of his, her or its own choice. All Class members who do
22  not enter such an appearance will be represented by Class Counsel.

23    10. Any Class member may appear and show cause why the proposed Settlement should
24  or should not be approved as fair, reasonable and adequate, why a judgment should or should not be
25  entered thereon, or why attorneys' fees and expenses should or should not be awarded to Class
26  Counsel. Any Class member wishing to appear and make such a showing shall file a statement of
27  his, her or its comments and objections regarding the proposed Settlement, together with any
28  supporting papers and briefs, with the Clerk of the United States District Court for the Northern

1  District of California, on or before _December 8_, 2015, and deliver copies of any
2  such materials to (a) William McGrane, Esq., McGrane LLP, Four Embarcadero Center, Suite 1400,
3  San Francisco, California 94111, William.mcgrane@mcgranellp.com, and (b) Michael L. Charlson,
4  Esq., Vinson & Elkins LLP, 525 Market Street, Suite 2750, San Francisco, California 94105,
5  mcharlson@velaw.com, such that they are received on or before the same date. Any Settlement
6  Class Member who does not timely submit his, her, or its comments and objections in this manner
7  generally will not be permitted to raise any such comments or objections or appear at the Final
8  Fairness Hearing, unless such Class member demonstrates good cause for failing to do so.

9      11. All funds deposited with the Settlement Administrator and constituting any portion of
10 the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall
11 remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed
12 pursuant to the Amended Stipulation and/or further order(s) of the Court.

13     12. All papers in support of the Settlement and Class Counsel's initial application for an
14 award of attorneys' fees and expenses ("Fee Application") shall be filed and served on or before
15 _November 6_, 2015. Objections to the Settlement and/or the initial Fee Application shall be
16 filed and served on or before _December 17_, 2015. Any reply papers shall be filed on or before
17 _December 23_, 2015. If the Settlement is finally approved, Class Counsel may submit one
18 or more supplemental Fee Application(s) after the Final Fairness Hearing.

19     13. Neither Linebarger nor any of its Related Parties shall have any responsibility for or
20 liability with respect to any application for an award of attorneys' fees and expenses that may be
21 submitted by Class Counsel (aside from Linebarger's obligation under the Amended Stipulation to
22 fund the Settlement Fund), or to any allocation of any such award among Class Counsel. Any such
23 application shall be considered separately from the fairness, reasonableness and adequacy of the
24 Settlement.

25     14. All reasonable expenses incurred in notifying Class members, as well as administering
26 the Settlement, shall be paid as set forth in the Amended Stipulation. In the event the Settlement is
27 not finally approved by the Court, or otherwise fails to become effective, neither Class
28 Representative nor Class Counsel shall have any obligation to repay any amounts actually and

properly disbursed from the Settlement Fund for such expenses, as provided in the Amended Stipulation.

15. Neither the Amended Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Linebarger of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that 4EC or any Class member has suffered any damages, harm or loss.

16. In the event that the Settlement does not become effective in accordance with the terms of the Amended Stipulation, or if the Effective Date does not occur, then this Notice Order shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation; and the Parties shall be restored to the positions they held in the Litigation as of October 21, 2014, without waiver of any rights, claims, defenses, or arguments they may otherwise have had; and the Parties shall proceed with the Litigation as provided in the Amended Stipulation.

17. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

Dated: August 20, 2015

_____
The Honorable Vince Chhabria
United States District Judge

**Submitted Jointly By:**

Michael L. Charlson (SBN 122125)
   mcharlson@velaw.com
VINSON & ELKINS LLP
525 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: 415.979.6910
Facsimile: 415.704.3264

By   */s/ Michael L. Charlson*
      Michael L. Charlson

Russell Yager (*pro hac vice*)
   ryager@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201
Telephone: 214.220.7700
Facsimile: 214.220.7716

**ATTORNEYS FOR DEFENDANT**
**LINEBARGER GOGGAN BLAIR & SAMPSON LLP,**
**a Texas limited liability partnership**


William McGrane (SBN 057761)
   william.mcgrane@mcgranellp.com
McGRANE LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:  (415) 766-3590

By   */s/ William McGrane*
      William McGrane

Jonathan R. Bass (SBN 075779)
   jbass@cpdb.com
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone:  415.772.5726

Matthew J. Shier (SBN 072638)
   mshier@shierkatz.com
shierkatz RLLP
930 Montgomery Street, 6th Floor
San Francisco, California 94133
Telephone:  415.691.7027

**ATTORNEYS FOR PLAINTIFF**
**4EC HOLDINGS, LLC**

4" = "4" "US 3212035v.7" "" US 3212035v.7

# EXHIBIT A-1

Parties' Proposed Exhibit A-1 (Individual Notice)

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
*4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson LLP,*
Case No. 3:14-cv-01944 VC

# Individual Legal Notice of Class Action Settlement Involving Debt Collection.

A proposed $3.4 million Settlement has been reached in a lawsuit pending in the U.S. District Court for the Northern District of California (the "Court") called *4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson, LLP*, Case No. 3:14-cv-01944 VC. This suit involves claims based on debt collection efforts in California by Linebarger Goggan Blair & Sampson, LLP ("Linebarger"). The Settlement will pay $2.0 million in cash directly to Settlement Class Members. If you received this notice in the mail, you might be a Settlement Class Member. If so, the Settlement could affect your legal rights. To learn more, read this notice. For more details, call 1-_____ or visit www._____.com.

### WHAT'S THIS ABOUT?

The Plaintiff in this lawsuit claims that Linebarger, a Texas-based law firm that helps various California governmental entities collect debts owed to them, engaged in the illegal practice of law in California or other misconduct by sending letters into California seeking payment of these debts. These were debts owed to California governmental entities, for example, from unpaid taxes, tolls, fines or fees for services (such as court costs or fees for services at a public hospital). Linebarger denies all of Plaintiff's claims and also denies that proposed class members suffered any injury.

### WHO'S INCLUDED?

The proposed Settlement is between Linebarger and a class of plaintiffs including all Persons who, between February 6, 2002, and September 15, 2013, paid money in response to demand letters sent by Linebarger on behalf of certain California government entities, seeking payment of debts owed to the governmental entities, where Linebarger received fees for collecting the debts.

### WHAT THE SETTLEMENT PROVIDES.

Linebarger will establish a $3.4 million Settlement Fund, which will be used to make payments to Settlement Class Members, lawyers appointed to represent the Settlement Class ("Class Counsel"), and the Settlement Administrator. The payment to each Settlement Class Member will be approximately 8.36% of the total debt the Class Member paid between February 6, 2002, and September 15, 2003, in response to demand letters sent by Linebarger to collect a debt owed to a California entity. If the Settlement is approved, Payments will be mailed to Settlement Class Members 30 days after it becomes effective. To learn more, call 1-_____ or visit www._____.com.

The proposed Settlement does not mean that Linebarger acted properly or improperly, and the Court has made no such finding.

Making payments under the Settlement will require Linebarger to share with the Settlement Administrator and Class Counsel certain financial information and other personally identifiable information regarding Settlement Class Members. Settlement Class Members will waive all claims against the governmental entities and their agents (including Linebarger) for any violation of their privacy rights under California or federal law relating to this disclosure of such information.

That said, all such personal information will be kept confidential and used only in connection with the distribution of payments to Settlement Class Members. If you have any questions about this issue, call 1-_____ or go to www._____.com.

### ABOUT YOUR RIGHTS

The Court has scheduled a Final Fairness Hearing at _____, on _____, 2015, at the United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 17, San Francisco, CA 94102. At this hearing, the Court will consider the fairness of the proposed Settlement and a request by Class Counsel (including McGrane LLP, shierkatz RLLP, and Coblentz, Patch, Duffy & Bass LLP) for an award of attorneys' fees, costs and expenses. Their initial request will be for $1,230,000 in fees, costs, and expenses. Under circumstances explained in the Detailed Notice, available at www._____.com, Class Counsel might seek a supplemental award of up to an additional $470,000, for a total of up to $1,700,000.

The Court will decide how much fees, costs, and expenses to award to Class Counsel, and all fees, costs, and expenses awarded by the Court will be paid out of the Settlement Fund. You or your own lawyer may ask to appear and speak at the hearing, at your own cost, but you don't have to. If the Settlement is approved, however, it will release Linebarger from liability for the claims alleged in the case. The Settlement Agreement and detailed class notice available at www._____.com explain this fully.

If you don't want to be legally bound by this Settlement, you must exclude yourself by _____, **2015**. If you don't exclude yourself, you won't be able to sue Linebarger about the claims in this case ever again. If you do not exclude yourself, you may object to the Settlement by _____, **2015**. The detailed notice explains how to exclude yourself or object.

To learn more, call, go to the website, or write _____, P.O. Box _____.

**1-800-000-0000**

**www._____.com**

# EXHIBIT A-2

**Parties' Proposed Exhibit A-2 (Detailed Notice)**

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

*4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson LLP*,
Case No. 3:14-cv-01944 VC

### Detailed Legal Notice of Class Action Settlement Involving Debt Collection

This notice summarizes a proposed Class Settlement in this case, which involves claims based on debt collection efforts in California by Linebarger Goggan Blair & Sampson, LLP. The Settlement will pay cash directly to Class Members. If you are included in the Settlement, your legal rights will be affected whether you act or do not act.

| CLASS MEMBERS' RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **ASK TO BE EXCLUDED** | Get no payment (the only option that allows you to sue Linebarger over the claims resolved by this Settlement). |
| **OBJECT** | Write to the Court about why it should reject the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about an objection. |
| **DO NOTHING** | Get the Class Member Payment described below. Give up other rights. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice. Please read it carefully.

For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www._____.com, by contacting Class Counsel at _____, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 4, 17th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

The Court in charge of this case still has to decide whether to approve the Settlement. Money will be distributed only after the Court does so, and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why should I read this notice?

A Court authorized this notice because you have a right to know about a proposed Settlement in this class action lawsuit and your rights under the proposed Settlement, including the right to receive money, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, payments will be made to eligible Settlement Class Members. This notice explains the lawsuit, the Settlement, your legal rights, the benefits available, who may be eligible for them, and how to get them.

Judge Vince Chhabria in the United States District Court for the Northern District of California, San Francisco Division, is overseeing this lawsuit. The case is known as *4EC Holdings, LLC v. Linebarger Goggan Blair & Sampson, LLP*, Case No. 3:14-cv-01944 VC. The Plaintiff in this class action lawsuit is 4EC Holdings, LLC ("4EC Holdings"). The Defendant is Linebarger Goggan Blair & Sampson, LLP ("Linebarger").

### 2. What is this lawsuit about?

The Plaintiff in this lawsuit claims that Linebarger, a Texas-based law firm that assists various California governmental entities ("Clients") with collecting debts owed to them, engaged in the illegal practice of law and other misconduct in California by sending letters into California seeking payment of these debts. These debts include amounts owing to governmental entities, for example, from unpaid taxes, tolls, fines or fees for services (such as court costs or fees for services at a public hospital). Plaintiff has also alleged that the letters were misleading, constituted false advertising, and/or otherwise constituted an unfair business practice.

Linebarger has denied all of these claims and maintains that it did not act wrongfully or unlawfully and that class members suffered no injury.

### 3. What is a class action?

This lawsuit is a class action. In a class action, one or more people called "Class Representatives" (in this case, 4EC Holdings) sue on behalf of others who have similar claims. All these people are considered to be a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff or Linebarger. Instead, after several months of negotiations and a mediation led by Retired United States District Judge Vaughn Walker, both sides agreed to settle. That way, they avoid the cost of a trial, and Class Members have an opportunity to obtain compensation. The Plaintiff and its attorneys think the Settlement is best for all Class Members. The Settlement does not mean that Linebarger did anything wrong.

## WHO IS IN THE SETTLEMENT?

To see if you can get benefits from this Settlement, you first have to decide if you are a Class Member.

### 5. How do I know if I am part of the Settlement?

On August __, 2015, Judge Chhabria entered an order granting preliminary approval of the Settlement and certifying the following "Class" for purposes of this Settlement:

Every Person who, during the Class Period, paid money in response to one or more demand letters sent by Linebarger to such Person on behalf of a Client, where the money was paid to extinguish a debt owed by such Person to the Client where Linebarger received a fee for the collection of that debt.

For purposes of this Class definition, the term "Client" means any California governmental entity that retained Linebarger to help it collect debts during the Class Period. The Class Period is the period from February 6, 2002, through September 15, 2013.

### 6. Who represents me in this lawsuit?

To represent the class, the Court has appointed Plaintiff 4EC Holdings as Class Representative and its counsel of record, McGrane LLP, shierkatz RLLP, and Coblentz, Patch, Duffy & Bass LLP as Class Counsel. If you want to be represented in this lawsuit by your own attorney, you may hire one at your own expense, and you may appear in this litigation through your own attorney.

### 7. What does the Settlement provide?

Linebarger has agreed not to send written collection communications to California citizens without having at least one active member of the California State Bar as either partner or as a regular salaried employee.

In addition, Linebarger will pay $3,400,000 to create a Settlement Fund, which will be used: (i) to make payments to Settlement Class Members; (ii) to pay certain costs of administering the Settlement, as approved by the Court; (iii) to pay attorneys' fees and expenses to Class Counsel in the amount awarded by the Court; and (iv) to make a charitable contribution on behalf of the Settlement Class to the Public Justice Foundation of Oakland (or another charity selected by the Court), if the Court approves such a contribution.

### 8. How do I qualify for a payment?

To be eligible for a payment, you must be a Settlement Class Member.

### 9. How much will my payment be?

The Class Member Payment to each Settlement Class Member will be the product of three factors defined in the Settlement Agreement: the Class Member Base defined in paragraph I.10 of the Settlement Agreement, the Linebarger Fee Percentage (25.05%) defined in paragraph I.25 of the Settlement Agreement, and the Class Payment Percentage (33.39%) defined in paragraph I.11 of the Settlement Agreement. Through application of this formula, each Settlement Class Member will be eligible to receive a Class Member Payment equal to 8.36% of the total debt that the Class Member paid between February 6, 2002, and September 15, 2013, in response to one or more demand letters sent by Linebarger to collect a debt owed to a California governmental entity. If, for example, the total debt paid by a Settlement Class Member under such circumstances was $100.00, the Settlement Class Member would be eligible to receive a Class Member Payment of $8.36. To learn more, call 1-_____ or visit www._____.com.

## HOW TO GET A PAYMENT

### 10. How can I get a payment?

If Linebarger's records indicate that you are a Settlement Class Member, you will receive a Class Member Payment about 30 days after the Settlement becomes effective.

Check the website www._____.com for updates regarding payments to Settlement Class Members.

| 11. | When will I get my payment? |

Settlement Class Payments will be mailed to Settlement Class Members only after the Court grants "final approval" of the Settlement, and any appeals are resolved. If Judge Chhabria approves the Settlement after a hearing on _____, 2015 (see the section "The Court's Final Fairness Hearing" below), there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient. Class Member Payments will be mailed to Settlement Class Members 30 days after the Settlement becomes effective. Check the website www._____.com for updates regarding payments to Settlement Class Members.

| 12. | What am I giving up to stay in the Class and get a payment? |

Unless you exclude yourself, you will remain in the Class. This means that you cannot sue Linebarger over the claims settled in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you stay in the Class, you will receive a Class Member Payment and agree to "release and discharge" Linebarger as described in Sections I.34-I.36, and VII.3 of the Amended Stipulation of Class Settlement and Release ("Settlement Agreement"). A complete copy of the Settlement Agreement can be obtained at www._____.com. The Settlement Agreement specifically describes the released claims in necessarily accurate legal terminology. Talk to Class Counsel (*see* the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue Linebarger about the issues in this case, then you must take steps to get out. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement.

| 13. | How do I get out of the Settlement? |

To exclude yourself from the Settlement, you must complete and return a request for exclusion to the address below in this section. Be sure to include the case number (3:14-cv-01944 VC), your full name, address, telephone number, and your signature. You must mail your request for exclusion postmarked by _____, 2015 to:

        Linebarger Exclusions
        P.O. Box _____

You cannot exclude yourself on the phone, by email, or at the website.

| 14. | If I don't exclude myself, can I sue Linebarger for the same thing later? |

No. Unless you exclude yourself, you give up any right to sue Linebarger for the claims that this Settlement resolves. You must exclude yourself from this Class to sue Linebarger over the claims resolved by this Settlement. Remember, the exclusion deadline is _____, 2015.

| 15. | If I exclude myself, can I get a payment from this Settlement? |

No. If you exclude yourself, you will not receive a payment.

-4-

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court appointed McGrane LLP, shierkatz RLLP, and Coblentz, Patch, Duffy & Bass LLP to represent you and other Class Members as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 17. How will the lawyers be paid?

From the inception of this lawsuit to the present, Class Counsel have not received any payment for their services in bringing or prosecuting this case. Nor have they been reimbursed for any out-of-pocket expenses.

If the Court approves the Settlement, Class Counsel will make one or more motions, or "Fee Application(s)," to the Court for awards of attorneys' fees, costs, and expenses to be paid from the Settlement Fund. Class Counsel's initial Fee Application will request an award of $1,230,000 in fees, costs, and expenses. In the event that some Settlement Class Members do not cash their settlement checks and, as a result, cash remains in the Settlement Fund after the deadline for cashing such checks, Class Counsel might file a supplemental Fee Application seeking up to $470,000 in additional fees, costs, and expenses, for a total award of up to $1,700,000 in attorneys' fees, costs, and expenses. Class Counsel's Fee Application(s) may also include an application on behalf of 4EC Holdings for appropriate compensation for its time and effort serving as the Class Representative. Such awards will be paid from the Settlement Fund. Class Counsel's initial Fee Application will be heard at the Court's Final Fairness Hearing described below. If Class Counsel choose to make any supplemental Fee Application(s), such Application(s) will be heard at a later date determined by the Court. The Court will consider Class Counsel's Fee Application(s) separately from the fairness and adequacy of the Settlement to the Settlement Class.

Class Counsel's Fee Application(s) will be based on various factors, including the time and effort already invested in the prosecution of the lawsuit, the benefits obtained for the Class by bringing this lawsuit, as well as the time and effort that will be required of Class Counsel prior to final approval of this Settlement. Linebarger reserves the right to object to the amount of Class Counsel's Fee Application(s).

## OBJECTING TO THE SETTLEMENT

If you wish to object to the Settlement, you can ask the Court to reject it. You may also object to the Fee Application. The Court will consider your views.

### 18. How do I ask the Court to reject the Settlement?

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a larger Settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Likewise, you may object to the Fee Application. Your objection may address either the request to approve the Settlement, the Fee Application, or both. You may also appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

If you want to appear and show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Class Counsel, you or your attorney must file a statement of your

comments and objections regarding the proposed Settlement, together with any supporting papers and briefs, with the Clerk of the United States District Court for the Northern District of California, on or before _____, 2015, and deliver copies of any such materials to (a) William McGrane, Esq., McGrane LLP, Four Embarcadero Center, Suite 1400, San Francisco, California 94111, William.mcgrane@mcgranellp.com, and (b) Michael L. Charlson, Esq., Vinson & Elkins LLP, 525 Market Street, Suite 2750, San Francisco, California 94105, mcharlson@velaw.com, such that they are received on or before the same date. If you do not timely submit your comments and objections in this manner, you generally will not be permitted to raise any such comments or objections or appear at the Final Fairness Hearing, unless you demonstrate good cause for failing to do so.

**19. What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you oppose approval of the Settlement and/or the Fee Application. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**20. When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Final Fairness Hearing at _____, on _____, 2015, at the United States District Court for the Northern District of California, Courtroom 4, 17th Floor, 450 Golden Gate Ave, San Francisco, CA 94102. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections to approval of the Settlement or the Fee Application, the Court will consider them. The Judge will listen to people who have asked to speak about an objection. The Court may also decide how much to award Class Counsel as fees for representing the Class. At or after the hearing, the Court will decide whether to approve the Settlement and/or award fees and costs to Class Counsel in response to the Fee Application. These decisions might take time to make. Please be patient. The hearing may be moved to another day, time, or location, so check the website below for updates.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer questions that the Judge may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22. May I speak at the hearing?**

If you submitted an objection to the Settlement and/or the Fee Application and indicated you want to speak at the Final Fairness Hearing, you may ask the Court for permission to speak at the Final Fairness Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will receive the Class Member Payment described in paragraph 9, above, and give up the right to sue Linebarger for the Claims resolved in this case.

## GETTING MORE INFORMATION

| 24. | How do I get more information about the Settlement? |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www._____.com. If you have questions, visit the website, or call 1-_____, or write to Class Counsel at P.O. Box ____, _____. **Do not contact the Court.**