UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 4EC HOLDINGS, LLC,<br>a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON LLP, a Texas limited liability partnership,<br><br>Defendant. | Case No. 3:14-cv-01944<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing, pursuant to an Order of this Court, dated August 20, 2015 (the "Notice Order") preliminarily approving the Settlement and providing for notice, and on the application of the Parties for final approval of the Settlement set forth in the Amended and Corrected Stipulation of Class Action Settlement and Release dated August 18, 2015 (the "Stipulation"). The Court having considered all papers timely filed and proceedings held in connection with consideration of whether to approve the Settlement, and otherwise being fully informed on the relevant issues and good cause appearing, finds and concludes as follows:

1.	This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of this Litigation, the Plaintiff, the Settlement Class, and Linebarger.

3. Plaintiff commenced a putative class action with its filing of a complaint in the Superior Court of California in and for the City of San Francisco on May 28, 2013, naming Linebarger as defendant and asserting claims under provisions of the California Unfair Competition Law. The Complaint, as amended, alleged generally that Linebarger, a Texas-based law firm that assists various California governmental entities with collecting debts owed to them, had engaged in the illegal practice of law in California by sending letters into California seeking payment of these debts. These debts may include most any sort of debt owing to a governmental entity, from unpaid taxes, tolls or fines to fees for services rendered (for example, court costs or fees for services at a public hospital). Plaintiff also alleged in different versions of the Complaint that the letters were misleading, constituted false advertising, and/or otherwise constituted an unfair business practice.

4. Linebarger denied the material allegations of the Complaint, contending among other things that it has been engaged in debt collection work and at all times complied with applicable federal and California law concerning debt collection.

5. On August 18, 2015, after a mediation, several months of post-mediation negotiations, and several conferences with the Court, Plaintiff and Linebarger entered into an Amended and Corrected Stipulation of Class Action Settlement and Release ("Stipulation"). The Stipulation provides for the Settlement of this Litigation between Linebarger and a proposed Settlement Class, subject to Court approval.

6. Paragraphs VII.1-2 of the Stipulation provide that, in exchange for the releases and other consideration described in paragraphs VII.3-4 of the Stipulation, Linebarger agrees (i) to create a Settlement Fund for the administration of the Settlement and for payments to Settlement Class Members in accordance with the terms of the Stipulation and (ii) that it shall not send written collection communications on behalf of Clients to California citizens without Linebarger having one or more members of the State Bar of California as either partners or as regular salaried employees at the time such communications are transmitted.

7.     Paragraphs VII.3-4 of the Stipulation provide that, in exchange for the consideration described in paragraphs VII.1-2 of the Stipulation, Plaintiff, its Owners, McGrane, and each of the Settlement Class Members (i) agree to release the Released Parties from the Released Claims, and (ii) covenant that they are not aware of any and that have no basis for making any additional claims against Linebarger other than those claims that have been alleged by Plaintiff in the Litigation or in the Complaint.

8.     On August 20, 2015, the Court held a hearing to consider preliminary approval of the Stipulation and the proposed Class Settlement. The Court entered an order granting approval and ordering that notice be given of the proposed Settlement ("Notice Order").

9.     For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable, and adequate, the Court conditionally and for purposes of the Settlement certified a Settlement Class consisting of every Person who, during the period February 6, 2002, through September 15, 2013, inclusive, paid money in response to one or more demand letters sent by Linebarger to such Person on behalf of a Client, where the money was paid to extinguish a debt owed by such Person to the Client and Linebarger received a fee for the collection of that debt. For purposes of this Class definition, a Client is any California government entity that retained Linebarger to assist it with the collection of debts owed to such California government entity. Excluded from the Class are those Persons who timely and validly request exclusion from the Class; a list of such persons is appended to this Judgment as Exhibit 1.

10.    Pursuant to the Notice Order, Individual Notice, and Detailed Notice, a hearing was held before this Court on January 7, 2016, to consider the motion for final approval and to determine whether the Settlement should be approved as fair, reasonable, and adequate, and whether the Court should enter this Final Judgment approving the Settlement and dismissing the Litigation on the merits, with prejudice, and without leave to amend.

11.    During the hearing, the parties provided evidence that the Individual Notice and Detailed Notice (collectively, "Class Notice") were disseminated in accordance with the Court's Notice Order. In addition, the parties provided evidence regarding the adequacy of the Class Notice,

the negotiation of the proposed Settlement, the substantive fairness of its terms, and the identities of potential Class Members who submitted timely requests for exclusion from the Settlement Class.

12. The Court previously found and now reaffirms that dissemination of Class Notice in accordance with the terms of the Notice Order constitutes the best notice practicable under the circumstances. The evidence confirming dissemination and content of the Class Notice demonstrates that the parties and the Settlement Administrator complied with this Court's orders regarding Class Notice, that the Class Notice given informed members of the Class of the pendency and terms of the proposed Settlement, of their opportunity to request exclusion from the Class, and of their right to object to the terms of the proposed Settlement, that the Class Notice given was the best notice practical under the circumstances, and that it constituted valid, due and sufficient notice to members of the Class. The Court further finds and concludes that the Class Notice described in the Order and completed by the parties and the Settlement Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

13. The Court also finds that the proposed Settlement is the result of good-faith, arms-length negotiations by the parties. In addition, the Court finds that approval of the Stipulation and the Settlement will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice.

14. With respect to the Class, this Court finds, solely for the purposes of effectuating this Settlement, that (a) the Class Members are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class, which predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Class Members; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members in individually controlling separate actions versus their avoiding the expense of prosecuting separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Plaintiff; (iii) the desirability or undesirability of continuing the litigation of

1  these claims in this particular forum; and (iv) the difficulties likely to be encountered in the
2  management of the class action.

3    Based on these findings and conclusions, IT IS HEREBY ORDERED, ADJUDGED AND
4  DECREED that:

5    15.  The Court hereby affirms the definition of the Class for purposes of this Final
6  Judgment and certifies this Litigation, for settlement purposes only, as a class action.

7    16.  The Persons identified in Exhibit 1, who have validly and timely requested exclusion
8  from the Class, are excluded from the Settlement Class.  Plaintiff and all Class Members other than
9  those listed on Exhibit 1 are adjudged to be Settlement Class Members and are bound by this Final
10 Judgment and by the Stipulation and Settlement, including the releases provided for in the
11 Stipulation.

12   17.  The Litigation and all claims contained therein, including all of the Released Claims,
13 are dismissed with prejudice as to 4EC and the other Settlement Class Members, and as against
14 Linebarger.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

15   18.  Pursuant to Fed. R. Civ. P 23, this Court hereby approves the Settlement set forth in
16 the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and
17 is in the best interests of, 4EC, the Settlement Class and the Settlement Class Members.
18 Accordingly, the Stipulation and Settlement are hereby approved in all respects and shall be
19 consummated in accordance with the terms and provisions of the Stipulation.  The Parties are hereby
20 directed to perform the terms of the Stipulation.

21   19.  Upon the Effective Date, Plaintiff, its Owners, McGrane, and each of the Settlement
22 Class Members, on behalf of themselves and their respective heirs, executors, administrators,
23 successors and assigns, and any other Person claiming through or on behalf of any of them, shall
24 have or shall be deemed to have, and by operation of the Judgment shall have, fully, finally and
25 forever released, relinquished and discharged all Released Claims against the Released Parties,
26 whether or not such Settlement Class Member executes and delivers a Claim Form.  The parties
27 acknowledge and the Settlement Class Members shall be deemed by operation of law to
28 acknowledge that the waiver of Unknown Claims and of the provisions, rights and benefits of

Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

20. Upon the Effective Date, Plaintiff, its Owners, McGrane, and all Settlement Class Members, their respective heirs, executors, administrators, successors and assigns, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any actions or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

21. Any order entered regarding the attorneys' fees and expense application of Class Counsel shall in no way disturb or affect this Judgment, and any application for an award of attorneys' fees and expenses has been or shall be considered by the Court separately from this Judgment.

22. Neither the Stipulation, the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be deemed to be an admission of, or evidence of: (a) the validity of any Released Claims; (b) any wrongdoing or liability of Linebarger; or (c) any fault or omission of Linebarger in any civil, criminal, or other proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Linebarger and its Clients, partners, successors, administrators, executors, assigns, agents, representatives, attorneys, servants, employees, officers, liquidators, trustees, receivers, partners, directors, shareholders, predecessors, and affiliates may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE          CASE NO.: 3:14-CV-01944 VC

23. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and over any disputes arising under the Stipulation.

24. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

Dated: January 8, 2016

_____
The Honorable Vincent Chhabria
United States District Judge

| | |
|---|---|
| 1 | **_Submitted Jointly By:_** |
| 2 | Michael L. Charlson (SBN 122125) |
|   |    mcharlson@velaw.com |
| 3 | VINSON & ELKINS LLP |
|   | 525 Market Street, Suite 2750 |
| 4 | San Francisco, CA  94105 |
|   | Telephone: 415.979.6910 |
| 5 | Facsimile:  415.704.3264 |
| 6 | |
|   | By_____/s/ Michael L. Charlson_____ |
| 7 |        Michael L. Charlson |
| 8 | Russell Yager (*pro hac vice*) |
|   |    ryager@velaw.com |
| 9 | VINSON & ELKINS LLP |
|   | 2001 Ross Avenue, Suite 3700 |
| 10 | Dallas, TX  75201 |
|   | Telephone: 214.220.7700 |
| 11 | Facsimile: 214.220.7716 |
| 12 | **ATTORNEYS FOR DEFENDANT** |
|   | **LINEBARGER GOGGAN BLAIR & SAMPSON LLP,** |
| 13 | **a Texas limited liability partnership** |
| 14 | |
| 15 | William McGrane (SBN 057761) |
|   |    william.mcgrane@mcgranepc.com |
| 16 | McGRANE PC |
|   | Four Embarcadero Center, Suite 1400 |
| 17 | San Francisco, CA  94111 |
|   | Telephone:  (415) 292-4807 |
| 18 | |
| 19 | By_____/s/ William McGrane_____ |
|   |        William McGrane |
| 20 | |
| 21 | Jonathan R. Bass (SBN 075779) |
|   |    jbass@cpdb.com |
|   | COBLENTZ PATCH DUFFY & BASS LLP |
| 22 | One Montgomery Street, Suite 3000 |
|   | San Francisco, CA  94104 |
| 23 | Telephone:  415.772.5726 |
| 24 | Matthew J. Shier (SBN 072638) |
|   |    mshier@shierkatz.com |
| 25 | shierkatz RLLP |
|   | 930 Montgomery Street, 6th Floor |
| 26 | San Francisco, CA  94133 |
|   | Telephone:  415.691.7027 |
| 27 | |
|   | **ATTORNEYS FOR PLAINTIFF** |
| 28 | **4EC HOLDINGS, LLC** |

-8-

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE       CASE NO.: 3:14-CV-01944 VC

# EXHIBIT 1

The following persons submitted timely requests for exclusion and are excluded from the Settlement Class:

Roberto Arellano,

Elias Youssef Bouabsi,

Alfredo Castellanos,

Doradia Vazquez, and

Christopher Eric Mracek